IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS MOLINA,

    Plaintiff,

v.                                                                              Civ. No. 12-424 GBW/WDS

NATHANIEL BLANTON and
CHRISTOPHER GALLEGOS,

    Defendants.

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Defendants' Motion for Attorney's Fees, *doc. 46*. Having considered the briefing, *docs. 50 & 51*, the Court finds the motion is not well-taken and denies it.

### I.    BACKGROUND

As the facts of this case are recounted in the Court's March 13, 2013, order granting Defendants' motion for summary judgment, the Court provides only a brief summary here. *See doc. 44*. On April 21, 2010, Plaintiff Thomas Molina was arrested for drunk driving and taken to the Valencia County Detention Center (VCDC). *Doc. 1* ¶ 5; *Doc. 29* at 6 ¶ 4 & ex. C at 1. Plaintiff alleged that he suffers from "a mental illness requiring prescription medication." *Doc. 1* ¶ 2. At VCDC, he was informed that his medication was "not in" and that he would therefore not receive it. *Doc. 29*, ex. C at 2; *Doc. 1* ¶ 7. In response, Plaintiff used "colorful language" and threatened to file a

1

lawsuit against VCDC.  *Doc. 34* at 5 ¶ 12; *Doc. 29*, ex. C at 2.  Defendants handcuffed Plaintiff and began to lead him to segregation.  *Doc. 1* ¶¶ 11, 13; *Doc. 34*, ex. 1.  As Plaintiff and Defendants approached the door to segregation, an altercation ensued in which Plaintiff was pushed up against the door by Defendants and then taken to the floor.  *Doc. 1* ¶ 16; *Doc. 34*, ex. 1.  This incident was recorded by the hallway surveillance camera.  *See doc. 34*, ex. 1.

Plaintiff originally filed this lawsuit in state court; Defendants removed it to this Court on April 23, 2012.  *Doc. 1*.  Plaintiff's complaint contained four counts, three of which arose under 42 U.S.C. § 1983 and one of which presented a state law claim.  The claims are as follows: (1) a Fourteenth Amendment excessive force claim; (2) a Fourteenth Amendment due process claim; (3) a First Amendment retaliation claim; and (4) a battery claim under the New Mexico Tort Claims Act.  *Doc. 1* ¶¶ 25-57.

Defendants filed a motion for summary judgment on November 6, 2012.  *Doc. 29*.  On March 13, 2013, the Court granted that motion, finding that Defendants were entitled to qualified immunity from Plaintiff's federal claims and declining to exercise supplemental jurisdiction over his state claim.  *Doc. 44*.  On March 27, 3013, Defendants filed the instant motion for attorney's fees, arguing that Plaintiff's claims were frivolous and brought solely to harass Defendants.  *Doc. 46*.

## II.   APPLICABLE LAW

42 U.S.C. § 1988 provides for the recovery of reasonable attorney's fees by the prevailing party in an action brought under § 1983.  A prevailing defendant may recover attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  "In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.  Defeat at the summary judgment stage "does not automatically meet th[e] stringent standard" set forth in *Christiansburg*. *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).  Indeed, it is a "rare circumstance[] in which a suit is truly frivolous so as to warrant an award of attorneys' fees to the defendant." *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).

## III.   ANALYSIS

Plaintiff's claims were not so unreasonable as to merit attorney's fees.  His claims of excessive force, deliberate indifference to his medical problems, and retaliation for speaking out against Defendants are not legally baseless: they are all standard § 1983 claims.  *See Seeds v. Lucero*, 207 F. Supp. 2d 1297, 1299 (D.N.M. 2002) (finding claims not frivolous when supported by legal precedent).  And although the Court ultimately

3

determined that Plaintiff failed to allege facts sufficient to make out constitutional violations, the facts before the Court were not so weak as to render the claims groundless. As to the excessive force claim, the surveillance tape showed Plaintiff being pushed up against a wall and taken to the ground. *Doc. 34*, ex. 1. Although the Court concluded that, in his advocacy, Plaintiff overstated the events depicted when describing the video, the tape nonetheless demonstrated that a significant physical altercation occurred between Plaintiff and Defendants. In short, Plaintiff's excessive force claim was not so implausible as to be frivolous.

Regarding the deliberate indifference claim, Defendants acknowledged that Plaintiff was denied medication at VCDC. *Doc. 29* at 16. Plaintiff failed to put forward evidence of his medical condition and Defendants' awareness of it, but the fact that Plaintiff's response to Defendants' summary judgment motion was lacking does not render the claim frivolous. *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (noting that the fact that a response is inadequate "is an entirely different finding than branding the suit itself frivolous"); *Seeds*, 207 F. Supp. 2d at 1299-1300 (finding fact that plaintiffs "failed . . . to present evidence establishing a nexus between Defendants' alleged harassment and the violation of a federal right does not render their Section 1983 claim groundless"). Moreover, Defendants have not explained why the deliberate indifference claim in particular was baseless but rather state conclusorily that "the

record is devo[id] of any evidence to support these claims." *Doc. 51* at 3.  This is insufficient to demonstrate that the claim was frivolous.

Plaintiff's First Amendment claim is based on the inflammatory statements that Plaintiff made immediately prior to the altercation.  *Doc. 29* at 7.  The claim is not legally baseless since the law on whether, in prisons, disrespectful, threatening language constitutes protected speech is not clearly established.  *Doc. 44* at 20-23; *see Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995) (finding district court erred in finding legal theories frivolous when they had not been squarely rejected by the Supreme Court or Tenth Circuit).  And, as discussed above, Plaintiff's failure to provide evidence indicating that Defendants' conduct was motivated by animus does not in and of itself render the claim frivolous.  Plaintiff's claim that Defendants retaliated against him because of his insulting statements was facially plausible in light of the undisputed facts.

Defendants' sole argument regarding the frivolity of Plaintiff's state law battery claim is that because the excessive force claim was frivolous, the battery claim must also be frivolous.  *Doc. 51* at 2, 4 n.1.  As the Court has found that the excessive force claim was not frivolous, it concludes that the battery claim was also not frivolous.

Finally, Defendants present no evidence to support their contention that Plaintiff brought this lawsuit in bad faith solely to harass them.  *See doc. 51* at 3.  Plaintiff's statements "I'm going to sue the fuck out of you guys for not giving me my

5

medications" and "I want to sue this place so give me a reason" were made at the time of the events at issue, in the heat of the moment. *See doc. 44* at 5. Those statements alone cannot support an inference that Plaintiff's lawsuit—filed two years later—was vexatious and intended to harass Defendants. Defendants compare this case to *Thorpe v. Ancell* in which the plaintiffs "concocted" "fantastic" and "sensational" allegations, "to the point [that] some assertions were flatly contradicted by undisputed facts." 367 F. App'x 914, 923-24 (10th Cir. 2010). Even given Plaintiff's overstatement with respect to the encounter, such advocacy comes nowhere near the sort of malicious and patently false allegations found in *Thorpe*.

### IV. CONCLUSION

Plaintiff's claims, while not sufficient to overcome qualified immunity, were not so baseless as to be frivolous or vexatious. Therefore, Defendants' Motion for Attorney's Fees, *doc. 46*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE